**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| **KRISTOPHER ADAM WHITTLE** | § | |
| | § | |
| | § | |
| **VS.** | § | **CIVIL NO. 4:26-CV-363-P** |
| | § | |
| **TEXAS DEPARTMENT OF FAMILY** | § | |
| **& PROTECTIVE SERVICES, ET AL.** | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES
MAGISTRATE JUDGE AS TO PLAINTIFF'S MOTION FOR A TEMPORARY
RESTRAINING ORDER**

On March 25, 2026, *pro se* Plaintiff Kristopher Adam Whittle ("Plaintiff") filed a document titled "Plaintiff's Emergency Motion for Temporary Restraining Order" ("Motion"). In that Motion, Plaintiff requests this Court grant a temporary restraining order ("TRO") enjoining the enforcement of an ex parte removal order obtained in cause number CIV-25-0257 in County Court at Law No. 2, Parker County, Texas. Having carefully reviewed the motion, the Court finds, concludes, and recommends that the motion be **DENIED** because the relief sought by Plaintiff is barred by the domestic relations exception. *See Ankenbrandt v. Richards,* 504 U.S. 689, 703 (1992).

To obtain a TRO, Plaintiff must satisfy the following four requirements: (1) a substantial likelihood that the movant will prevail on the merits; (2) a substantial threat of irreparable harm; (3) the balance of hardships weighs in the movant's favor; and (4) the issuance of the injunction will not disserve the public interest. *See Women's Med. Ctr. v. Bell*, 248 F.3d 411, 418–20 (5th Cir. 2001); *Champion Nat'l Sec., Inc. v. A&A Sec. Grp., LLC*, No. 3:21-CV-00528-M, 2021 WL 1400979, at *3 (N.D. Tex. Apr. 13, 2021). The party seeking injunctive relief must clearly carry the burden of persuasion on all four prerequisites to prevail. *See Miss. Power & Light Co. v.*

1

*United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985).  "A TRO is 'simply a highly accelerated and temporary form of preliminary injunctive relief.'"  *CompuCom Sys., Inc. v. WJ Global, LLC*, No. 3:14-CV-3625-L, 2014 WL 5032747, at \*2 (N.D. Tex. Oct. 8, 2014) (quoting *Hassani v. Napolitano*, No. 3:09-CV-1201-D, 2009 WL 2044596, at \*1 (N.D. Tex. July 15, 2009)).

Under "the domestic-relations exception, federal courts lack jurisdiction to 'issue divorce, alimony, and child custody decrees.'"  *Estate of Merkel v. Pollard*, 354 Fed. Appx. 88, 92 (5th Cir. 2009) (quoting *Ankenbrandt v. Richards,* 504 U.S. 689, 703 (1992)).  In the Motion, Plaintiff asks the Court to "ORDER [Texas Department of Family & Protective Services] to cease reliance on [an] ex parte removal order obtained through omissions and misrepresentations."  (Plaintiff's Emergency Motion for Temporary Restraining Order ("Mot. for TRO") at 3.)  This ex parte ordered allowed the "removal of children" from Plaintiff's custody.  (Mot. for TRO at 2.)  Thus, the ex parte order is a custody order.  As a result, if the Court were to grant Plaintiff's Motion, the Court would in essence be setting aside a custody order and issuing its own.  *See Saloom v. Tex. Dep't of Family & Child Protective Services,* 578 Fed. Appx. 426, 430 (5th Cir. 2014).  The domestic relations exception does not allow a federal court to do so.  *See Estate of Merkel*, 354 Fed. Appx. at 92.  Consequently, the Court finds, concludes, and recommends that the motion be **DENIED**.

### NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions and recommendation within fourteen (14) days after the party has been served with a copy of this document.  The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings,

2

conclusions and recommendation to which specific objection is timely made.  *See* 28 U.S.C. § 636(b)(1).  Failure to file, by the date stated above, a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge.  *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending time to file objections from ten to fourteen days).

## ORDER

Under 28 U.S.C. § 636, it is hereby **ORDERED** that each party is granted until **April 22, 2026,** to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation.  It is further **ORDERED** that if objections are filed and the opposing party chooses to file a response, the response shall be filed within seven (7) days of the filing date of the objections.

SIGNED April 8, 2026.

_____
JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE

3